IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYNALDO J. CASTILLO,

    Plaintiff,                              No. CIV S-09-0341 CKD P

   vs.

SOLANO COUNTY JAIL, et al.,        <u>ORDER AND</u>

    Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This action proceeds on the amended complaint filed by plaintiff on September 29, 2009. Plaintiff's claims are against employees of the Solano County Jail and concern his pretrial detention there. Defendants Senesackda, Dolan, Cameron, Cullison and Pereda (defendants) have filed a motion for summary judgment. The court notes that plaintiff has filed a sur-reply with respect to the motion for summary judgment. Under Local Rule 230(l), sur-replies are not permitted. Because plaintiff did not seek leave to file a sur-reply, it will not be considered.

I. <u>Plaintiff's Requests For Dismissal</u>

        In his opposition to defendants' motion for summary judgment, plaintiff asks that his claim for excessive force against defendant Senesackda be dismissed. Defendants do not

object to this request so it will be granted. Since the only claim remaining against defendant Senesackda is the excessive force claim (see October 21, 2009 Order) he will be dismissed from this action.

Plaintiff also asks that his due process claim against defendant Pereda be dismissed. Defendants do not object to this request so it will also be granted. Since the only claim remaining against defendant Pereda is the due process claim (see October 21, 2009 Order) he will be dismissed from this action.

II. Defendants' Motion For Summary Judgment

    A.  Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
>
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as

/////

whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the

court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

        On December 10, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Despite the court's warning, plaintiff has failed to present any affidavits with his opposition to defendants' motion for summary judgment.[1]

    B. Analysis

        1. Introduction

        Plaintiff's allegations in his amended complaint begin with a physical confrontation plaintiff had with certain Solano County Jail officers on January 13, 2009.[2]  Plaintiff was speaking with his mother on the phone when an officer ordered plaintiff to pull up his pants.  Plaintiff complied but admits that he responded to the officer "[i]f you feel it is so important, why [don't] you do it?"  The officer became agitated, approached plaintiff and began screaming at him.  Plaintiff turned his back on the officer.  The officer then told plaintiff to "lock down."  Plaintiff responded that he would lock down after speaking with his mother.  At some point the officer grabbed plaintiff and began to drag him away from the phone area.  Plaintiff

---

[1] Plaintiff's amended complaint is not signed under the penalty of perjury.  See 28 U.S.C. § 1746.

[2] Defendant Senesackda was one of the officers involved in the confrontation.

4

then struck the officer. After that, a full-blown physical confrontation erupted involving plaintiff and at least two officers. After plaintiff was subdued, he was taken to "Z Module" and he remained there until February 13, 2009. After that, plaintiff was housed in "C Module" and he remained there until May 5, 2009. The claims which are before the court for purposes of the pending motion for summary judgment concern conditions to which plaintiff was allegedly subjected in "Z" and "C Modules" by defendants Dolan, Cameron and / or Cullison.[3] At the relevant period of time, Dolan, Cameron and Cullison had all attained the rank of Sergeant at the Solano County Jail.

### 2. Official Capacity

In his amended complaint, plaintiff sues defendants Dolan, Cameron and Cullison in their individual and official capacities as officers of Solano County. Defendants assert plaintiff has no evidence to support "official capacity lawsuits" against these defendants. An "official capacity" lawsuit, is simply another way of pleading an action against the employing entity. See Monell v. Dept. of Soc. Services of City of New York, 436 U.S. 658, 690 n.55 (1978). On October 21, 2009, a magistrate judge previously assigned to this case found that plaintiff's operative complaint states a claim upon which relief could be granted against seven defendants. The judge did not find that plaintiff's complaint states a claim against the Solano County Jail despite the fact that defendant identified the Solano County Jail as a defendant in his amended complaint. The court interprets the finding that plaintiff's complaint fails to state a

---

[3] On October 21, 2009, a magistrate judge previously assigned to this case screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. The judge found plaintiff's complaint states claims against defendants Dolan, Cameron and Cullison for violations of the Due Process Clause of the Fourteenth Amendment. That being the case, the court does not address any claims in plaintiff's amended complaint which do not arise under the Due Process Clause. Also, the court does not address any allegations which do not at least arguably contribute to a claim arising under the Due Process Clause upon which relief could be granted. Finally, the court notes that with the exception of defendant Dolan as discussed in section 9 below, plaintiff does not allege that defendants Dolan, Cameron or Cullison were responsible for plaintiff's placement or retention in either "Z" or "C Modules" between January 13 and May 5, 2009 nor is there any evidence before the court demonstrating as much.

1 claim against the Solano County Jail as a finding that plaintiff's complaint does not state a claim
2 against defendants Dolan, Cameron and Cullison in their official capacities. The court has no
3 cause to revisit that ruling here.

4          3. Administrative Remedies

5       In the operative complaint, plaintiff asserts that while in "Z Module," "C
6 "Module," or both, he was subjected to, among other things, the following:

7       1. Lack of sunlight.

8       2. 24-hour observation by jail staff.

9       3. Lack of privacy in the shower.

10       4.  He was forced to use a plastic mattress that was "thin, old and ripped to where
11          the inner contents of the mattress [were] coming out."

12       5. He was forced to wear waist restraints during visits.

13       6. He was forced to share an electric shaver with inmates with contagious
14          diseases.

15       7. He was housed in the same unit as members of his former gang.

16       In his declaration, defendant Cullison indicates that the Solano County Jail has an
17 inmate grievance process which can be used to grieve conditions of confinement. Decl. of Sgt.
18 M. Cullison, ¶ 17. Defendants point to evidence indicating plaintiff did not submit an inmate
19 grievance with respect to any of the conditions identified above. Id. at ¶ 19. Plaintiff does not
20 point to any evidence indicating he did exhaust administrative remedies with respect to his
21 complaints about the conditions identified above, nor does he argue that he did exhaust.

22       The exhaustion requirement is rooted in the Prison Litigation Reform Act, which
23 provides that "[n]o action shall be brought with respect to prison conditions under section 1983
24 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §
25 1997e(a). Defendants bear the burden of proving plaintiff's failure to exhaust. Wyatt v.
26 Terhune, 315 F.3d 1108, 1119 (9th Cir.). Defendants have met their burden of showing that

plaintiff failed to exhaust administrative remedies with respect to plaintiff's complaints regarding the conditions described above. Therefore, any claim concerning any of those conditions must be dismissed.

In his amended complaint, plaintiff asserts he was subjected to unsanitary conditions of confinement when inmate Andrew Johnson flooded his cell with toilet water and feces while plaintiff was housed in "Z Module." Defendants point to evidence indicating plaintiff filed a grievance concerning this, but failed to complete the grievance process. Decl. of Sgt. M. Cullison, ¶ 18(i). Plaintiff fails to offer any evidence in rebuttal to defendants' evidence or otherwise argue that he did exhaust administrative remedies with respect to the condition of confinement described above. Accordingly, any claims arising from this condition must also be dismissed.

4. Medical Care

Plaintiff complains about the medical care he received while in "Z" and "C Modules." Defendants Dolan, Cameron and Cullison are not medical professionals nor is there any allegation that they blocked plaintiff's access to medical professionals or medical care in general. That being the case, there does not appear to be any valid claim in plaintiff's complaint against Dolan, Cameron and Cullison for denial of medical care. Plaintiff is proceeding with claims against medical professionals in this action, but they are not a party to defendants' motion for summary judgment.

5. Two Toilet Flushes Per Hour

Plaintiff asserts that while in "Z" and "C Modules" he was forced to use a toilet that only flushed twice per hour. Plaintiff alleges he was informed by defendant Cullison this was to prevent flooding and ensure proper disposal of waste. Plaintiff also alleges he was told that he should seek medical attention if he needed more than two flushes. As a result of the "two flush toilet," plaintiff asserts that several times a day he was subject to the smell of his own feces for approximately 45 minutes due to either an accidental flush or frequent urination.

1    Because plaintiff was a pretrial detainee and not a convicted prisoner at the time
2 of the events alleged in his amended complaint, his § 1983 action challenging his conditions of
3 confinement at the Solano County Jail arises under the Due Process Clause of the Fourteenth
4 Amendment and not from the Eighth Amendment prohibition against cruel and unusual
5 punishment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). Under the Due Process Clause,
6 pretrial detainees have a right against jail conditions which amount to punishment. Id. at 535-37.
7 If a particular jail condition is reasonably related to a legitimate government objective, it does not
8 amount to punishment absent a showing of an express intent to punish. Id. at 538-39.

9    Plaintiff fails to point to anything suggesting that his being forced to use the "two
10 flush toilet" was punishment. Defendant Cullison explained the purpose of the toilet, and the
11 court finds that the purpose put forward by Cullison is reasonably related to a legitimate
12 government objective, i.e. avoiding flooding and maintaining sanitary conditions. Also, plaintiff
13 does not explain in his complaint or his opposition why, if he needed to flush his toilet more than
14 two times an hour (or 48 times a day), he did not seek medical attention or at least request
15 permission to use a different toilet. For these reasons, there is no genuine issue of material fact
16 as to whether plaintiff's rights arising under the Due Process Clause were violated because he
17 was forced to use the "two flush" toilet.

18        6. Out Of Cell Time In " C Module"

19    Plaintiff asserts he was only allowed to leave his cell for 30 or 45 minutes at a
20 time for a total of 3 hours and 15 minutes of out of cell time per week while he was in "C
21 Module." Plaintiff was not allowed to leave his cell on Saturdays. During this period of time,
22 plaintiff was expected to do everything he could not do in his cell, e.g. shower. Plaintiff also
23 asserts that while he was in "C Module" he had no exercise equipment and could not utilize the
24 outside yard when it was wet.

25    Plaintiff fails to allege that the conditions described above were the result of
26 anything done by defendant Dolan, Cameron or Cullison. Plaintiff does not allege they were

responsible for plaintiff being placed in "C Module," promulgating "C Module" policies or retaining plaintiff in "C Module." Furthermore, he does not point to any evidence indicating as much. Accordingly, plaintiff fails to state a valid claim against Dolan, Cameron and Cullison with respect to lack of out of cell time in "C Module."

### 7. Lack Of Exercise Equipment In "Z Module"

Plaintiff alleges that for the one month he spent in "Z Module" he was denied exercise equipment. Again, plaintiff fails to allege that was the result of any action taken by defendants Dolan, Cameron or Cullison. Therefore, plaintiff fails to state a claim upon which relief can be granted against those defendants with respect to denial of exercise equipment in "Z Module."

### 8. Television, Church, Counseling, Commissary, Daily Clean Up

Plaintiff asserts his access to television, church services, therapeutic counseling, commissary and daily cleaning was limited or restricted while in "C" and / or "Z Modules." The court cannot find that, generally speaking, the denial of access to any of these items or services creates a condition or conditions amounting to punishment forbidden by the Due Process Clause. See Landfair v. Sheahan, 878 F. Supp. 1106, 1114 (N.D. Ill., 1995) (denial of television and "shopping" to pretrial detainee did not amount to serious punishment implicating Due Process Clause). Further, plaintiff fails to point to anything suggesting denial of access to any one of these items or services to him in particular resulted in a condition amounting to punishment.

### 9. Plaintiff's Initial Placement in "Z Module"

Plaintiff asserts that after his confrontation with staff on January 13, 2009, defendant Dolan ordered plaintiff placed in segregated housing in "Z Module." Plaintiff alleges Dolan told him his initial placement in "Z Module" was disciplinary. However, he presents no evidence in support of this. In his declaration, Dolan asserts plaintiff's initial placement in "Z Module" was "administrative" because plaintiff had committed a serious attack upon a correctional officer and caused a severe disruption of operations. Dolan asserts he was not aware

of any risk to plaintiff's health or safety in "Z Module." A few days later, on January 16, 2009, Officer Pereda did order that plaintiff serve ten days in "Z Module" for disciplinary reasons.

While it is not entirely clear, it appears plaintiff alleges defendant Dolan violated plaintiff's Constitutional rights by placing him in "Z Module" in the first instance. Nothing before the court suggests Dolan was responsible for plaintiff remaining in "Z Module" beyond January 16, 2009.

Defendants are correct that plaintiff has no right to procedural protections, like a hearing, before being moved into a higher level of custody for administrative / non-disciplinary reasons. Hewitt v. Helms, 459 U.S. 460, 468 (1983). They are also correct that there is no law indicating a jail officer can be liable for placing a detainee in segregated housing for a short term following the inmate's assault on a jail officer. Therefore, defendant Dolan is immune, under the "qualified immunity" doctrine, from any claim that placement in segregated housing in "Z Module" violated plaintiff's due process rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

Plaintiff alleges defendant Dolan was aware of conditions in "Z Module" when he ordered plaintiff placed there other than the usual conditions attendant to segregated housing (i.e. limited interaction with other inmates, limited out of cell time, suspension of recreational and therapeutic programs) and other than conditions addressed above including: unsanitary showers, an unsanitary cell and the fact that inmate Andrew Johnson, who also resided in "Z Module," made noise which often kept plaintiff awake.

Temporary exposure to unsanitary conditions in a cell do not rise to the level of a violation of a pretrial detainee's Constitutional rights. Anderson v. County of Kern, 45 F.3d 1310, 1315 (9th Cir. 1995). As for inmate Johnson's noise, plaintiff fails to point to any evidence indicating when Johnson made noise. Defendants point to a grievance filed by plaintiff in which he complains that the noise occurred between January 28, 2009 and January 31, 2009. Decl. of Sgt. M. Cullison. Ex. I. There is no evidence that defendant Dolan was aware of this, or was in a position to do anything it.

For all the forgoing reasons, defendant Dolan is entitled to summary judgment with respect to any claim concerning plaintiff's initial placement by Dolan in "Z Module."

10. <u>Declaratory Relief</u>

In his complaint plaintiff seeks declaratory judgment. Defendants assert that plaintiff's transfer out of the Solano County Jail and to the California Department of Corrections and Rehabilitation moots this request. More importantly, there is simply nothing before the court suggesting that a judicial declaration of the "rights or other legal relations" of any party is warranted in this action. 28 U.S.C. § 2201(a). The court will recommend that plaintiff's request for declaratory relief be dismissed.

C. <u>Conclusion</u>

For the reasons stated above, the court will recommend that the motion for summary judgment filed by defendants Senesackda, Dolan, Cameron, Cullison and Pereda be granted with respect to all of plaintiff's remaining claims against defendants Dolan, Cameron and Cullison and plaintiff's claim for declaratory relief.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request that his claim for excessive force against defendant Senesackda be dismissed is granted and defendant Senesackda is dismissed from this action.

2. Plaintiff's request that his violation of due process claim against defendant Pereda is granted and defendant Pereda is dismissed from this action.

3. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. The motion for summary judgment filed by defendants Senesackda, Dolan, Cameron, Cullison and Pereda on September 28, 2010 be granted with respect to all of plaintiff's

/////

/////

/////

claims against defendants Dolan, Cameron and Cullison and plaintiff's claim for declaratory relief;

    2. Defendants Dolan, Cameron and Cullison be dismissed;

    3. Plaintiff be ordered to file his pretrial statement with respect to his remaining due process claims against defendants Coradero, Kadevri and Pilaczynski within 30 days of any order adopting the above findings and recommendations;

    4. Defendants Coradero, Kadevri and Pilaczynski be ordered to file their pretrial statements within 21 days of service of plaintiff's.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 7, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cast0341.57